UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PHILIP B.,[1]

                              Plaintiff,                  6:23-cv-01455 (BKS/DJS)

v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

**Appearances:**

*For Plaintiff:*
John W. DeHaan
The DeHaan Law Firm P.C.
300 Rabro Drive East, Suite 101
Hauppauge, NY 11788

*For Defendant:*
Daniel Hanlon
Acting United States Attorney
Candace Brown Casey
Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

I.      INTRODUCTION

      Plaintiff Philip B. filed this action under 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security denying his application for disability insurance benefits. (Dkt. No. 1). This matter was referred to United States Magistrate Judge Daniel J. Stewart for a

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect his privacy.

Report-Recommendation. (Dkt. No. 3); N.D.N.Y. L.R. 72.3(e). On October 24, 2024, after reviewing the parties' briefs and the Administrative Record,[2] (Dkt. Nos. 6, 11, 16, 17), Magistrate Judge Stewart issued a Report-Recommendation recommending that Plaintiff's motion for judgment on the pleadings be granted, that the Commissioner's motion for judgment on the pleadings be denied, and that the decision of the Commissioner be remanded, (Dkt. No. 18). The Commissioner timely filed objections to the Report-Recommendation and Plaintiff responded. (Dkt. Nos. 19, 22). For the following reasons, the Court adopts the Report-Recommendation in its entirety and remands this matter to the Commissioner.

## II. REPORT-RECOMMENDATION

As relevant here, one of Plaintiff's principal arguments before Magistrate Judge Stewart concerned the ALJ's purported failure to evaluate the supportability of Nurse Practioner Kim Page's medical opinion in finding that it was "not persuasive." (Dkt. No. 11, at 28–35). Magistrate Judge Stewart agreed with Plaintiff, explaining that "the ALJ simply found that [NP Page's opinion] was not supported by NP Page's own treatment notes" without citing the "treatment notes with which NP Page's opinion was purportedly inconsistent" and without addressing "how any of the[] details" NP Page had articulated in "her assessment," such as "the nature, level, and location of Plaintiff's pain, clinical findings supporting her diagnosis, and Plaintiff's symptoms," "did or did not support NP Page's ultimate opinion." (Dkt. No. 18, at 9–10 (citing R. 24–25)). Magistrate Judge Stewart further found that because it was not otherwise possible "to decipher [the ALJ's] rationale" from the decision, the ALJ's failure to "properly

---

[2] The Court cites to the Bates numbering in the Administrative Record, (Dkt. No. 6), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

2

engage in a supportability analysis for NP Page's opinion," was not harmless error, and recommended that this matter be remanded. (*Id.* at 10).

### III. STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. § 636(b)(1)(C)). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections "must be specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *See Kruger*, 976 F. Supp. 2d at 296. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original" submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

### IV. DISCUSSION

The Commissioner objects to Magistrate Judge Stewart's findings that the ALJ failed to consider the supportability of NP Page's opinion, that such error was not harmless, and that remand is required. (Dkt. No. 19). Specifically, the Commissioner argues that even if the ALJ did not cite NP Page's treatment records in the paragraph examining the persuasiveness of her opinion, the ALJ's discussion of NP Page's treatment notes as part of the residual functional capacity ("RFC") determination elsewhere in the decision is "sufficient to allow meaningful

3

judicial review of the ALJ's findings as to supportability." (Dkt. No. 19, at 6). In response, Plaintiff asserts that Magistrate Judge Stewart's determination was correct and requests that the Court reject the Commissioner's objections and adopt the Report-Recommendation. (Dkt. No. 22).

Neither party has raised any objections to the background or legal standards set forth in the Report-Recommendation. (*See* Dkt. No. 18, at 2–5). The Court therefore adopts Magistrate Judge Stewart's summary of the relevant background and applicable law and presumes familiarity with those matters for the purposes of this decision. The Court also adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein. *See Kruger*, 976 F. Supp. 2d at 296. Accordingly, the Court turns to Defendant's objection to Magistrate Judge Stewart's recommendation that this matter be remanded based on the ALJ's failure to adequately address the supportability factor in evaluating NP Page's medical opinion.

Under the applicable regulations, the Commissioner must consider medical opinions and "evaluate their persuasiveness" based on the following five factors: supportability; consistency; relationship with the claimant; specialization; and "[o]ther factors." 20 C.F.R. § 404.1520c(a)–(c). The ALJ is required to "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions." *Id.* § 404.1520c(a)–(b). The two "most important factors" for determining the persuasiveness of medical opinions are supportability and consistency, and an ALJ is required to "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions." *Id.* § 404.1520c(b)(2).

With respect to "supportability," the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to

4

support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(1). The regulations provide that with respect to "consistency," "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2). An ALJ must consider, but is not required to discuss, the three remaining factors when determining the persuasiveness of a medical source's opinion. *Id.* § 404.1520c(b)(2).

An ALJ's failure to explain the supportability and consistency of the medical opinions in the record is procedural error. *Loucks v. Kijakazi*, No. 21-cv-1749, 2022 WL 2189293, at *2, 2022 U.S. App. LEXIS 16829, at *3 (2d Cir. June 17, 2022) (summary order). However, "if a searching review of the record assures [the court] that the substance of the [regulation] was not traversed," the court may affirm the Commissioner's decision. *Id.* 2022 WL 2189293, at *2, 2022 U.S. App. LEXIS 16829, at *4 (internal quotation marks omitted) (quoting *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019)).

NP Page provided a seven-page assessment opining as to the impact of Plaintiff's impairment, cervical stenosis with myelopathy, status post "C3-6 posterior fusion." (T. 940–46). In it, NP Page opined that Plaintiff:

- Can lift/carry ten pounds occasionally
- Can stand and/or walk up to two hours in an eight-hour day
- Can sit up to one hour in an eight-hour day
- Must get up and move around six times per hour
- Cannot climb, crouch, crawl, or reach
- Can balance, stoop, and kneel one hour in an eight-hour day
- Can perform turning, twisting objections, and fine manipulations less than one hour per day
- Constantly experienced pain severe enough to interfere with attention and concentration

- Would need unscheduled breaks
- Would need to avoid heights and machinery

(*Id.*). The ALJ found NP Page's opinion "not persuasive" and, as to supportability, explained "it was not supported by Ms. Page's treatment notes which documented limited positive clinical findings."[3] (R. 25).

The Commissioner argues that remand is unnecessary because even if the ALJ did not discuss NP Page's treatment notes in evaluating her opinion, the ALJ's discussion of NP Page's treatment notes in formulating Plaintiff's RFC, "are sufficient to allow meaningful judicial review of the ALJ's findings as to supportability—and to sustain those findings." (Dkt. No. 19, at 3–7). The Commissioner is correct that prior to discussing the persuasiveness of NP Page's medical opinion, the ALJ outlined the medical evidence he relied on in formulating Plaintiff's RFC, and in doing so, cited several of NP Page's treatment notes. (R. 23 (citing R. 431–33, 436, 438, 825–26, 829)). Specifically, the ALJ cited (1) the instruction NP Page gave Plaintiff on October 23, 2020, following Plaintiff's "C3-6 fusion" surgery, that Plaintiff should not lift over 10 pounds, (R. 22 (citing R. 438), (2) NP Page's note approximately one month later that Plaintiff could "resume his usual activities without restriction," (R. 436), (3) NP Page's notation in March 2021 that x-rays showed no evidence of "hardware loosening or failure," (R. 433), (4) NP Page's findings in July 2021, that Plaintiff "had 5/5 strength in his upper extremities, limited range of motion with turning his head side to side, and stiff paraspinal muscles, (R. 22 (citing R. 431)), and (5) NP Page's findings in March 2022, that Plaintiff had "5/5 strength in his upper extremities and grip, and limited range of motion," (R. 23 (citing R. 829)). Comparing these notes to NP Page's opinion, it is possible that the ALJ believed NP Page's "lift/carry ten pounds

---

[3] As to consistency, which is not at issue presently, the ALJ found that NP Page's opinion was "not consistent with other evidence of record." (R. 25).

occasionally" restriction was inconsistent with her November 24, 2020 note lifting the post-surgery ten pound-lifting restriction, and was generally inconsistent with her finding that Plaintiff had "5/5 strength in upper extremities and grip." (R. 943–44). However, treatment notes the ALJ cited also reflect NP Page's findings that Plaintiff had a limited range of motion, difficulty turning his head side-to-side, and stiff paraspinal muscles, (R. 431, 829), and these findings appear consistent with NP Page's opinion that Plaintiff could never climb, crouch, crawl, or reach, (R. 943). Moreover, because the ALJ did not explain why these treatment notes undermine NP Page's opinion, and cited no treatment notes that reflected inconsistency with NP Page's opinion that Plaintiff could not sit, stand, or walk, for more than 2 hours in an 8-hour day, the Court cannot glean the rationale for the ALJ's conclusion that NP Page's treatment notes did not support her opinion. *See Nancy S. v. Kijakazi*, No. 3:22-cv-00100, 2023 WL 2628973, at *5, 2023 U.S. Dist. LEXIS 50186, at *12–13 (D. Conn. Mar. 24, 2023) (finding ALJ failed to satisfy supportability factor in rejecting opinion that the plaintiff could not stand or walk for more than two hours where decision stated only that the opinion was not in "accord with" "the clinical findings for 5/5 strength and the claimant having a full gait," but otherwise offered no explanation why such findings undermined the opinion). Nor did the ALJ discuss, or even refer to, the supporting explanations NP Page provided in her assessment. (R. 940–46 (describing the "precipitating factors leading to pain" as "severe stenosis, myelomalacia causing permanent pain, dysthesias" and explaining that Plaintiff has "poor dexterity, fine motor movements due to myelopathy")); *see Glenn G. v. Kijakazi*, No. 3:22-cv-824, 2023 WL 2477501, at *9, 2023 U.S. Dist. LEXIS 41463, at *21 (D. Conn. Mar. 13, 2023) (noting that the applicable regulations "provide that 'supportability' shall be based on the relevant 'medical evidence and supporting explanations *presented by* [the] *medical source*'" (emphasis in original) (quoting 20 C.F.R. §

7

404.1520c(c)(1)). Thus, without elaboration by the ALJ as to how NP Page's treatment notes and the explanations in her assessment are inconsistent with her opinion, the Court cannot evaluate whether the ALJ properly applied the supportability factor to his evaluation of NP Page's opinion. Accordingly, the Court agrees with Magistrate Judge Stewart that the error is not harmless and that remand is required.

## V.  CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation, (Dkt. No. 18), is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings, (Dkt. No. 11), is **GRANTED**; and it is further

**ORDERED** that the Commissioner's motion for judgment on the pleadings, (Dkt. No. 16), is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**IT IS SO ORDERED.**

Dated:  February 19, 2025
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge